UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 FEB 24  P 1: 55

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE CO., ) <br> (as subrogee of Kelley A. Torrans) ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) <br> UNITED STATES OF AMERICA and ) <br> WESTWOOD CARTAGE, INC. ) <br> ) <br> Defendants. ) | 05   10391  RCL <br> RECEIPT # _____ <br> AMOUNT $ _____ <br> SUMMONS ISSUED _____ <br> **COMPLAINT** LOCAL RULE 4 _____ <br> WAIVER FORM _____ <br> MCF ISSUED _____ <br> BY DPTY. CLK. _____ <br> DATE _3/1/05_ |

MAGISTRATE JUDGE _____

I.

This action arises under the Federal Tort Claims Act, 28 U.S.C. sect. 2761 et seq., and this Court has jurisdiction under the provisions of 28 U.S.C. sect. 1346(b). This Court has Supplemental Jurisdiction of the plaintiff's claims against pendent party, Westwood Cartage, Inc., under the provisions of 28 U.S.C. sect. 1367(a).

II.

The Plaintiff, Liberty Mutual Insurance Co. has a principal place of business at 175 Berkeley Street, Boston, Suffolk County, Massachusetts and is a duly organized corporation under the laws of the Commonwealth of Massachusetts, United States of America.

1

III.

Upon information and belief, the Defendant Westwood Cartage, Inc. has a principal place of business at 62 Everett Street, Westwood, Norfolk County, Massachusetts and is a duly organized corporation under the laws of the Commonwealth of Massachusetts, United States of America.

IV.

On August 25, 2004, the Plaintiff submitted its claim in the amount of $3,361.76 to the United States Postal Service, Boston, Massachusetts, in accordance with statute, 28 U.S.C. sect. 2761 et seq. On September 22, 2004, the United States Postal Service denied the Plaintiff's claim stating that the United States Postal Service was not negligent in this matter. The United States Postal Service further stated that if the Plaintiff was dissatisfied with the action taken on the claim, that the Plaintiff should file suit in an appropriate United States District Court no later than (6) months from the date of denial.

VI.

On September 21, 2003, Steven Aubut, a resident of Shrewsbury, Worcester County, Massachusetts was operating a motor vehicle owned by Kelly A. Torans, a resident of Shrewsbury, Worcester County, Massachusetts, which was insured with the Plaintiff, at or near the Massachusetts Turnpike (Interstate 90) eastbound in Charlton, Massachusetts.

VII.

On September 21, 2003, as an agent, servant or employee of the Defendant, Westwood Cartage, Inc., was operating a tractor trailer, which was owned and/or leased by the Defendant, Westwood Cartage, Inc., at or near the Massachusetts Turnpike (Interstate 90) eastbound in Charlton, Massachusetts.

VIII.

The Defendant Westwood Cartage, Inc.'s tractor was hitched to a trailer, which was owned and/or leased by the Defendant United States of America.

IX.

The Defendant, United States of America, had a duty to refrain from negligent acts or omissions towards persons, including the Plaintiff's insured herein, while maintaining and/or servicing a trailer that would be transported on a public roadway.

X.

The agent, servant or employee of the Defendant, Westwood Cartage, Inc., had a duty to refrain from negligent acts or omissions towards persons, including the Plaintiff's insureds herein, while operating a tractor-trailer on a public roadway.

XI.

The Defendant, United States of America, carelessly and/or negligently serviced and/or failed to maintain a trailer that was transported on a public roadway, resulting in a tire wheel falling off said trailer and striking the plaintiff's insured's, Kelley A. Torrans, motor vehicle.

XII.

The agent, servant or employee of the Defendant, Westwood Cartage, Inc., carelessly and negligently operated a tractor trailer in such a manner, and/or failed to properly maintain a tractor trailer in such manner that his negligence resulted in a wheel falling off the trailer owned and/or leased by the Defendant United States of America, and striking the Plaintiff's insured's, Kelley A. Torans, motor vehicle.

COUNT ONE
(VERSUS UNITED STATES OF AMERICA)

XIII.

The Plaintiff hereby reavers and realleges each and every allegation contained within paragraphs I through XII as if specifically set forth herein.

XIV.

As a result of the Defendant United States of America's negligent acts and/or omissions, the Plaintiff's insured, Kelley A. Torrans, sustained property damage to her motor vehicle in excess of $3,000.00 for which Ms. Torrans submitted an insurance claim to the Plaintiff.

XVI.

The Plaintiff made payment of $3,361.76 for collision damage to the vehicle of its insured, Kelley A. Torrans, and stands subrogated to her rights and causes of action to the extent of said payments.

COUNT TWO
(VERSUS WESTWOOD CARTAGE, INC.)

XVII.

The Plaintiff hereby reavers and realleges each and every allegation contained within paragraphs I through XVI as if specifically set forth herein.

XVIII.

As a result of the Defendant, Westwood Cartage, Inc., agent, servant or employee's negligent acts and/or omissions, the Plaintiff's insured, Kelley A. Torrans, sustained property damage to her motor vehicle in excess of $3,000.00 for which Ms. Torrans submitted an insurance claim to the Plaintiff.

XIX.

The Plaintiff made payment of $3,361.76 for collision damage to the vehicle of its insured, Kelley A. Torrans, and stands subrogated to her rights and causes of action to the extent of said payments.

WHEREFORE, the Plaintiff seeks judgment against the Defendants, United States of America and Westwood Cartage, Inc., individually, or jointly and severally, as follows:

1. The sum of $3,361.76 for reimbursement of monies paid for collision damages to the Plaintiff's insured's motor vehicle resulting from the alleged accident.
2. Costs in this action.
3. Such other relief as the Court may deem proper.

Dated: 2/22/05

THE PLAINTIFF
By its attorney,

Jackson F. Quan
Bolden & Associates
10 Federal Street, Suite 210
Salem, MA 01970
Tel. 978-744-2162
Fax 978-744-6705

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Liberty Mutual Insurance Co
(as subrogee of Kelley A. Torrans)

**DEFENDANTS**
United States of America & Westwood Cartage Inc

(b) County of Residence of First Listed Plaintiff  ESSEX
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)  (978) 744-2162
Jackson F. Quan. Bolden & Associates
10 Federal Street Suite 210 Salem MA 01970

Attorneys (If Known)
05 10391 RCL

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☒ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. sect. 2761 et seq.
Brief description of cause:
Action in tort for property damage sustained in a motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 3,361.76
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE  2/23/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 FEB 24  P 1:55

U.S. DISTRICT COURT
DISTRICT OF MASS

1. Title of case (name of first party on each side only)
   Liberty Mutual Insurance Co vs. United States of America & Westwood Cartage Inc

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   [XX] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ☐  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO [XX]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO [XX]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO [XX]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [XX]    NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐    NO [XX]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [XX]    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Jackson F. Quan of Bolden & Associates
ADDRESS   10 Federal Street, Suite 210 Salem MA 01970
TELEPHONE NO.   (978) 744-2162

(Coversheetlocal.wpd - 10/17/02)