UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE CO., <br> (as subrogee of Kelley A. Torrans) <br> <br> Plaintiff, <br> <br> v. <br> <br> UNITED STATES OF AMERICA, and <br> WESTWOOD CARTAGE, INC. <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 05-10391 RCL <br> ) <br> ) <br> ) <br> ) <br> ) |

## **DEFENDANT'S ANSWER TO COMPLAINT**

COMES NOW Defendant, United States of America, by its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Christopher Alberto, Assistant United States Attorney for said District, and answers Plaintiff's Complaint as follows:

I. Paragraph I states a legal conclusion to which no response is necessary.

II. Defendant United States of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph II, and therefore, denies the same.

III. Defendant United States of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph III, and therefore, denies the same.

IV. Defendant United States of America admits that on January 24, 2004, the Plaintiff submitted its claim in the amount of $3,361.76 to the United States Postal Service. Defendant United States of America admits that on April 6, 2004, the United States Postal Service denied the Plaintiff's claim. Defendant United States of America states that the denial letter speaks for itself and denies any allegation inconsistent therewith. Defendant United States of America admits that on August 31, 2004, Plaintiff submitted a second claim with the United States Postal Service, which the United States Postal Service treated as a request for reconsideration. Defendant admits that the United States Postal Service denied Plaintiff's request for reconsideration by certified letter dated September 22, 2002. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph IV.

VI. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph VI, and therefore, denies the same.

VII. Upon information and belief, Defendant United States of America admits the allegations contained in Paragraph VII.

VIII. Defendant United States of America admits that the Defendant Westwood Cartage, Inc.'s tractor was hitched to a trailer, which was leased by

the United States Postal Service. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 8.

    IX.    Defendant United States of America denies that the United States Postal Service was responsible for maintaining and/or servicing the trailer referenced in the Complaint. Defendant United States of America denies the remaining allegations contained in Paragraph IX.

    X.    Paragraph X is directed to a defendant other than Defendant United States of America; thus, Defendant United States of America makes no answer thereto. To the extent any allegation contained in Paragraph X may be construed against Defendant United States of America, Defendant United States of America specifically denies the same.

    XI.    Defendant United States of America denies the allegations contained in Paragraph XI.

    XII.    Paragraph XII is directed to a defendant other than Defendant United States of America; thus, Defendant United States of America makes no answer thereto. To the extent any allegation contained in Paragraph XII may be construed against the Defendant United States of America, Defendant United States of America specifically denies the same.

## COUNT ONE
### (VERSUS UNITED STATES OF AMERICA)

    XIII.    Defendant United States of America hereby realleges and incorporates by reference its answers to Paragraph I through XII as if specifically set forth herein.

XIV.	Defendant United States of America denies the allegations contained in Paragraph XIV.

XVI.	Defendant United States of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph XVI, and therefore, denies the same.

Case 1:05-cv-10391-RCL   Document 8   Filed 07/07/2005   Page 4 of 7

COUNT TWO
(VERSUS WESTWOOD CARTAGE, INC.)

XVII.   Defendant United States of America hereby realleges and incorporates by reference its answers to Paragraph I through XVI as if specifically set forth herein.

XVIII.  Paragraph XVIII is directed to a defendant other than Defendant United States of America; thus, Defendant United States of America makes no answer thereto.  To the extent any allegation contained in Paragraph XVIII may be construed against the Defendant United States of America, Defendant United States of America specifically denies the same.

XIX.   Paragraph XIX is directed to a defendant other than Defendant United States of America; thus, Defendant United States of America makes no answer thereto.  To the extent any allegation contained in Paragraph XIX may be construed against the Defendant United States of America, Defendant United States of America specifically denies the same.

**Affirmative Defenses**

1   Plaintiff's recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act.

2.   Pursuant to 28 U.S.C. § 2675(b), Plaintiff is prohibited from claiming or recovering an amount against the Defendant in excess of that set forth in Plaintiff's administrative claim presented to the United States Postal Service.

3.	Pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a jury trial against Defendant United States of America.

4.	Plaintiff's Complaint fails to state a claim or any claim upon which relief can be granted against Defendant United States of America.

5.	Plaintiff's damages and losses, if any, were solely and proximately caused by the negligence, carelessness or recklessness of other parties, entities or individuals.

6.	The fault and negligence of other parties, entities or individuals in causing the accident must be compared against the fault and negligence, if any, of Defendant United States of America, and Plaintiff's recovery, if any, must be diminished in proportion to the fault and negligence of other parties, entities or individuals in causing the accident.

7.	Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiff cannot recover attorney's fees from Defendant United States of America.

8.	Pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount for pre-judgment interest against Defendant United States of America.

9.	Defendant United States of America denies that it and/or any of its agents or employees were negligent and/or breached any duty or standard of care due to Plaintiff and/or engaged in any conduct that was the proximate cause of the injuries, damages and losses incurred by it.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully moves this Court to dismiss Plaintiff's Complaint, for its costs incurred herein, and for such further relief as is just and proper.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


/s/ Christopher Alberto
Christopher Alberto
Assistant United States Attorney
District of Massachusetts
One Courthouse Way
United States Courthouse, Suite 9200
Boston, Massachusetts  02210
Tel:  617-748-3311
Fax:  617-748-3972

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was mailed this 7th day of July, 2005, to, Jackson F. Quan, Bolden & Associates, 10 Federal Street, Suite 210, Salem, MA 01970.


/s/ Christopher Alberto